```
UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
```
___

ABDUL S. RAMADAN,

              Petitioner,

   -vs-

NIAGARA COUNTY,

              Respondent.

**DECISION AND ORDER**
**No. 6:12-CV-6425(MAT)**
___

**I.   Introduction**

Proceeding pro se, Abdul S. Ramadan ("Petitioner") instituted this action pursuant to 28 U.S.C. § 2254 alleging that he was being unconstitutionally held in the Niagara County Jail following a judgment of conviction entered against him on November 2, 2011, in Lewiston Town Court, as the result of his guilty plea to one count of Vehicle & Traffic Law § 1192 (Driving While Intoxicated), an unclassified misdemeanor.

**II.  Factual Background and Procedural History**

    **A.   Trial Court Proceedings**

Petitioner's case commenced in Lewiston Town Court on Wednesday, July 27, 2011, when he appeared for arraignment. However, the arraignment did not proceed because Petitioner was too intoxicated. Although Petitioner had not yet applied for the services of the Niagara County Public Defenders Office, Town Court Justice Thomas Sheehan requested that Assistant Public Defender

A. Joseph Catalano, Esq. ("Attorney Catalano") explain to Petitioner why the matter could not proceed.

The next appearance date was August 17, 2011, at which time Petitioner was arraigned and released on his own recognizance. At that time, Petitioner conferred with Attorney Catalano about a plea offer the prosecution had extended to him. The matter was adjourned for two weeks so that Petitioner could decide whether to take the plea or go to trial. Attorney Catalano indicates that he fully explained the ramifications of taking a plea to a misdemeanor driving while intoxicated ("DWI") to Petitioner, including the possibility of a period of confinement.

Petitioner failed to appear for scheduled court dates on August 31, 2011; and September 21, 2011, the non-jury trial date. Petitioner also did not appear on October 18, 2011, and a warrant was issued for his arrest. Apparently, after Petitioner called the court on October 19, 2011, the warrant was rescinded. The next court date given to Petitioner, according to court documents, was November 2, 2011. This, however, was not a trial date but was a regularly scheduled "Public Defender/District Attorney night". Petitioner did not appear on November 2, 2011, and a new trial date notice was to be sent out by the court.

On November 9, 2011, after missing his last four scheduled court appearances, Petitioner finally appeared in court. Attorney Catalano indicates that November 9th was a Traffic Only Night in

Lewiston Town Court; it was not a night on which either a Public Defender or District Attorney was scheduled to appear. Moreover, this was not a scheduled appearance date for Petitioner, who simply went to court on his own initiative. Petitioner elected to enter a guilty plea that night. Neither Attorney Catalano nor the Assistant District Attorney were present because, as noted above, it was not a scheduled Public Defender/District Attorney night.

Attorney Catalano, who later reviewed the audio recording of Petitioner's plea colloquy, has indicated that Justice Sheeran informed Petitioner on three occasions that he was not required to proceed without counsel and that the matter could be rescheduled for a normal Public Defender/District Attorney night. On each occasion Petitioner stated he wanted to go forward with the case. He twice affirmed that he had discussed the plea with Attorney Catalano, and that he fully understood the charges to which he was pleading and the ramifications of the plea. Petitioner then accepted a plea of guilty to one count of Vehicle & Traffic Law § 1192 (Driving While Intoxicated), and a pre-sentence report was requested by Justice Sheeran.

Petitioner's sentencing was scheduled for March 21, 2012. After Petitioner appeared in court almost two hours late, Attorney Catalano spent a considerable amount of time discussing with him the pre-sentence report ("PSR"), which had recommended incarceration. Attorney Catalano explained that due to his long

criminal record (including a new arrest in Buffalo City Court while the DWI matter was pending), his four non-appearances, and the fact that he was very late for his sentencing, the court most likely would follow the PSR's recommendation regarding incarceration.

Petitioner ultimately was sentenced to one year of incarceration in the Niagara County Jail.

### B. Post-Conviction Proceedings in State Court

Attorney Catalano indicates that Petitioner subsequently called the Niagara County Public Defenders Office and told him that he wished to appeal his sentence. Accordingly, Attorney Catalano had his office's support staff mail the necessary paperwork to Petitioner, who never returned it.

In the meantime, Petitioner filed a grievance with the State of New York Attorney Grievance Committees ("NYSAGC"). After reviewing Attorney Catalano's lengthy and detailed response dated June 19, 2012, NYSAGC denied the grievance as unfounded on June 29, 2012, and did not require further investigation.

Based upon Petitioner's filing of the grievance against Attorney Catalano, the Niagara County Public Defenders Office transferred Petitioner's case to the Niagara County Conflicts Office & Assigned Counsel. Assistant Conflict Attorney Edward P. Perlman, Esq. ("Attorney Perlman") was assigned to his case.

On or about April 20, 2012, Petitioner, acting pro se, filed his notice of appeal in Lewiston Town Court, which Justice Sheeran

forwarded to the appropriate court (Niagara County Court). Petitioner, however, has never perfected the appeal.

On or about May 9, 2012, Petitioner filed a pro se motion to vacate the judgment in Lewiston Town Court, alleging that Justice Sheeran failed to honor a "no jail" sentencing commitment and violated Petitioner's right to counsel when he took Petitioner's plea without counsel being present. The Town Court heard the motion because Petitioner had counsel assigned to him.

On or about June 27, 2012, Petitioner filed a pro se motion to vacate with Niagara County Court Judge Matthew J. Murphy, whose law clerk, Steven Shierling, Esq., forwarded the motion papers on to assigned counsel, Attorney Perlman on July 5, 2012, noting that Petitioner could not file pro se motions while he was represented. Judge Murphy's law clerk noted that if Attorney Perlman wished to adopt the motion, the proper venue for it was Town Court not County Court. It does not appear that Attorney Perlman pursued the motion.

Petitioner filed yet another motion to vacate dated July 25, 2012, in Lewiston Town Court, raising the same arguments as raised in his earlier motions for vacatur.

To date, it does not appear that any decisions have been issued on any of the above-referenced motions.

### C. The Federal Habeas Proceedings

In his habeas petition, Petitioner asserts that he was denied the effective assistance of counsel because he was allowed to plead

guilty without counsel being present, that his plea was made under duress, and that his plea violated his privilege against self-incrimination.

In an Order dated August 20, 2012, the Court (Larimer, D.J.), directed Respondent to address the issue of why the petition should not be reviewed, despite Petitioner's failure to exhaust his State remedies, in light of there being "no lack of diligence in pursuing . . . State law remedies . . . apparent on the face of the petition." In connection with his answer to the petition, Respondent submitted various state court records, summarized above, which show that Petitioner did fail to exercise due diligence, inasmuch as he failed to cooperate with Attorney Catalano's request to complete the paperwork necessary to perfect his appeal. Furthermore, despite being instructed that he could not file pro se motions while he was represented by assigned counsel, Petitioner continued to do so.

In any event, Petitioner filed a motion to expedite the petition on September 3, 2012, which was denied by the Court (Feldman, M.J.) on February 28, 2013. While that motion was pending, on October 12, 2012, Petitioner propounded a set of interrogatories to Respondent.

On March 14, 2013, the copy of Judge Feldman's order denying the motion to dismiss that had been mailed to Petitioner was returned to the Court marked "undeliverable". Presumably,

Petitioner has completed serving his one-year sentence of incarceration by this time. However, he has never provided the Court with an updated address.

**III. Discussion**

Petitioner's failure to apprise the Court of his release from facility and his new address constitutes a violation of the procedural rules for the Western District of New York ("W.D.N.Y.")–namely, Local Rule ("L.R.") 5.2(d) which provides that a "party appearing pro se must furnish the Court with a current address at which papers may be served on the litigant." W.D.N.Y. L.R. 5.2(d). This rule further requires that "the Court must have a current address at all times." Id. Thus, "a pro se litigant must inform the Court immediately in writing of any change of address. Failure to do so may result in dismissal of the case with prejudice." Id. As other federal courts have noted, "'[i]t is neither feasible nor legally required that the clerks of the district courts undertake independently to maintain current addresses on all parties to pending actions." Dansby v. Albany Cty Corr. Facility, No. 95-CV-1525, 1996 WL 172699, at *1 (N.D.N.Y. Apr. 10, 1996) (quoting Perkins v. King, No. 84-3310, slip op. at 4 (5th Cir. May 19, 1985) and citing, inter alia, Williams v. New Orleans Public Service, Inc., 728 F.2d 730 (5th Cir. 1984); Wilson v. Atwood Group, 725 F.2d 255 (5th Cir. 1984) (en banc)).

Rule 41(b) of the Federal Rules of Civil Procedure provides that a district court may, in its discretion, dismiss an action based upon a plaintiff's failure to prosecute an action or comply with any order of the Court. Link v. Wabash R.R. County Independent School Dist., 370 U.S. 626 (1962). The Second Circuit "review[s] district court decisions to dismiss a case under this rule for abuse of discretion only[.]" LeSane v. Hall's Sec. Analyst, Inc., 239 F.3d 206, 209 (2d Cir. 2001) (citing Romandette v. Weetabix Co., 807 F.2d 309, 312 (2d Cir. 1986)). Although the Second Circuit has cautioned that "a Rule 41(b) dismissal remains a harsh remedy to be utilized only in extreme situations[,]" LeSane, 239 F.3d at 209 (internal quotations omitted), this sanction is necessary to allow courts "to clear their calendars of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." Link, 370 U.S. at 630. Accord, e.g., Fusco v. Craig, No. 9:05-CV-1425 (FJS/DEP), 2006 WL 3761984, at *1 (N.D.N.Y. Dec. 20, 2006) (citing Rodriguez v. Walsh, No. 92-Civ-3398, 1994 WL 9688, at *1 (S.D.N.Y. Jan. 14, 1994) (citing Peart v. City of New York, 992 F.2d 458, 461 (2d Cir. 1993) (affirming dismissal with prejudice where plaintiff's counsel failed to comply with two court orders and otherwise demonstrated a lack of respect for the court); Ali v. A & G Co., 542 F.2d 595, 596 (2d Cir. 1976)).

In determining whether involuntary dismissal under Rule 41(b) is appropriate, the Second Circuit considers five main factors, none of which is dispositive: "(1) the duration of the plaintiff's failures; (2) whether the plaintiff had received notice that further delays would result in dismissal; (3) whether the defendant is likely to be prejudiced by further delay; (4) whether the district judge has taken care to strike the balance between alleviating court calendar congestion and protecting a party's right to due process and a fair chance to be heard; and, (5) whether the judge has adequately assessed the efficacy of lesser sanctions." Shannon v. General Elec. Co., 186 F.3d 186, 193-94 (2d Cir. 1999) (quotation omitted); accord, e.g., LeSane, 239 F.3d at 209-10.

Based upon the chronology of events that can be gleaned from this matter's docket sheet, Petitioner has had more than one year in which to update the Court of his new address. A year is more than enough time to fulfill his obligation under Local Rule 5.2(d). The Second Circuit has emphasized the importance of first giving the pro se litigant a direct warning that his case will be dismissed for failure to prosecute. E.g., Drake v. Norden Sys. Inc., 375 F.3d 248, 251 (2d Cir. 2004). However, any further attempt to notify Plaintiff would be futile as the Court has no means by which to contact the Plaintiff. See Reynoso v. Selsky, No. 02-CV-6318 CJS, 2011 WL 3322414, at *3 (W.D.N.Y. Aug. 2, 2011)

("While the Court could issue an Order to Show Cause directing Plaintiff to explain why this matter should not be dismissed for failure to prosecute pursuant to Federal Rule 41(b), . . . it is established that Plaintiff is not at his last known address and has not been for over a year. Such an order would therefore be futile.").

With respect to prejudice, Petitioner's failure to update his address is effectively foreclosing Respondent's efforts to defend this lawsuit. Finally, the need to eliminate the court calendar congestion and availability of lesser sanctions both weigh in favor of dismissal. The inability of the Court and Respondent's counsel to communicate with Petitioner means that "the matter will remain pending indefinitely without the possibility of resolution. Under the circumstances of this case, sanctions short of dismissal would obviously be meaningless." Reynoso v. Selsky, 2011 WL 3322414, at *4; see also McCray v. Castelhano, No. 10 Civ. 6198(PAC)(GWG), 2011 WL 1097412, at *1 (W.D.N.Y. Mar. 24, 2011) ("Because plaintiff 'has not even fulfilled his minimal obligation to keep the pro se office of this Court informed of his change of address,' Ortiz v. United States, [No. 01 Civ. 4665(AKH),] 2002 WL 1492115, at *2 (S.D.N.Y. July 11, 2002), this case should be dismissed for failure to prosecute under FED. R. CIV. P. 41(b).") (citing Dumpson v. Goord, [No. 00-CV-6039 CJS,] 2004 WL 1638183, at *3 (W.D.N.Y.

July 22, 2004); Dong v. United States, [No. 02 Civ. 7751(SAS),] 2004 WL 385117, at *3 (S.D.N.Y. Mar. 2, 2004)).

## IV. Conclusion

For the reasons discussed above, the instant action is dismissed pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Petitioner's failure to prosecute this action; and Rule 5.2(d) of the Western District of New York's Local Rules of Civil Procedure, based upon his failure to advise the Court of a current address. The Court declines to issue a certificate of appealability because Petitioner has failed to make a substantial showing of the denial of a constitutional right. The Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Decision and Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. The Clerk of the Court is requested to close this case.

**IT IS SO ORDERED.**

S/Michael A. Telesca
_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         June 24, 2014