UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ABDUL S. RAMADAN,

            Petitioner,

    -vs-

NIAGARA COUNTY,

            Respondent.

**DECISION AND ORDER**
**No. 6:12-CV-6425(MAT)**

---

## I. Introduction

Proceeding pro se, Abdul S. Ramadan ("Petitioner") instituted this action (Docket No. 1) pursuant to 28 U.S.C. § 2254 alleging that he was being unconstitutionally held in the Niagara County Jail following a judgment of conviction entered against him on November 2, 2011, in Lewiston Town Court, as the result of his guilty plea to one count of Vehicle & Traffic Law § 1192 (Driving While Intoxicated), an unclassified misdemeanor. The Court dismissed the Petition on June 24, 2014 (Docket No. 12) for failure to prosecute and failure to comply with a Court order. Petitioner now has filed a Motion to Reopen (Docket No. 14) based on alleged newly discovered evidence. For the reasons discussed herein, it is denied.

## II. Factual Background and Procedural History

### A. Trial Court Proceedings

Petitioner's case commenced in Lewiston Town Court on Wednesday, July 27, 2011, when he appeared for arraignment.

However, the arraignment did not proceed because Petitioner was too intoxicated. Although Petitioner had not yet applied for the services of the Niagara County Public Defenders Office, Town Court Justice Thomas Sheeran requested that Assistant Public Defender A. Joseph Catalano, Esq. ("Attorney Catalano") explain to Petitioner why the matter could not proceed.

The next appearance date was August 17, 2011, at which time Petitioner was arraigned and released on his own recognizance. At that time, Petitioner conferred with Attorney Catalano about a plea offer the prosecution had extended to him. The matter was adjourned for two weeks so that Petitioner could decide whether to take the plea or go to trial. Attorney Catalano indicates that he fully explained the ramifications of taking a plea to a misdemeanor driving while intoxicated ("DWI") to Petitioner, including the possibility of a period of confinement.

Petitioner failed to appear for scheduled court dates on August 31, 2011; and September 21, 2011, the non-jury trial date. Petitioner also did not appear on October 18, 2011, and a warrant was issued for his arrest. Apparently, after Petitioner called the court on October 19, 2011, the warrant was rescinded. The next court date given to Petitioner, according to court documents, was November 2, 2011. This, however, was not a trial date but was a regularly scheduled "Public Defender/District Attorney night".

Petitioner did not appear on November 2, 2011, and a new trial date notice was to be sent out by the court.

On November 9, 2011, after missing his last four scheduled court appearances, Petitioner finally appeared in court. However, November 9, 2011 was a "Traffic Only Night" in Lewiston Town Court; it was not a night on which either a Public Defender or District Attorney was scheduled to appear. Moreover, this was not a scheduled appearance date for Petitioner, who simply went to court on his own initiative. Petitioner elected to enter a guilty plea that night. Neither Attorney Catalano nor the Assistant District Attorney were present because, as noted above, it was not a scheduled Public Defender/District Attorney night.

Attorney Catalano, who later reviewed the audio recording of Petitioner's plea colloquy, has indicated that Justice Sheeran informed Petitioner on three occasions that he was not required to proceed without counsel and that the matter could be rescheduled for a normal Public Defender/District Attorney night. On each occasion Petitioner stated he wanted to go forward with the case. He twice affirmed that he had discussed the plea with Attorney Catalano, and that he fully understood the charges to which he was pleading and the ramifications of the plea. Petitioner then accepted a plea of guilty to one count of Vehicle & Traffic Law § 1192 (Driving While Intoxicated), and a pre-sentence report was requested by Justice Sheeran.

Petitioner's sentencing was scheduled for March 21, 2012. After Petitioner appeared in court almost two hours late, Attorney Catalano spent a considerable amount of time discussing with him the pre-sentence report ("PSR"), which had recommended incarceration. Attorney Catalano explained that due to his long criminal record (including a new arrest in Buffalo City Court while the DWI matter was pending), his four non-appearances, and the fact that he was very late for his sentencing, the court most likely would follow the PSR's recommendation regarding incarceration.

Petitioner ultimately was sentenced to one year of incarceration in the Niagara County Jail.

**B.  Post-Conviction Proceedings in State Court**

Attorney Catalano indicates that Petitioner subsequently called the Niagara County Public Defenders Office and told him that he wished to appeal his sentence. Accordingly, Attorney Catalano had his office's support staff mail the necessary paperwork to Petitioner, who never returned it.

In the meantime, Petitioner filed a grievance with the State of New York Attorney Grievance Committees ("NYSAGC") asserting that Attorney Catalano failed to appear on a certain hearing date in Petitioner's case and, as a consequence, Petitioner was coerced by the prosecutor and the judge into accepting a plea offer. Grievance Committee Investigator Mary E. Davis ("Investigator Davis") solicited a response from Attorney Catalano who replied by letter

dated June 19, 2012 (Docket No. 1, pp. 29-32 of 43). In relevant part, Attorney Catalano explained that

> [t]he Assistant Public Defender does not appear in the Town of Lewiston Justice Courts every night, the Assistant Public Defender and the Assistant District Attorney have scheduled nights before each Judge. A Public Defender/District Attorney night is scheduled four times each month, two with each Judge, the days are scheduled on Tuesdays (Judge Hugh Gee) or Wednesdays (Judge Thomas Sheeran) according to the outside schedules of the Judges, the Assistant District Attorney and myself. Any matter which must be scheduled for a trial is scheduled on a special trial date, which can be a Tuesday or Wednesday, again according to all parties outside schedules.

Docket No. 1, p. 29 of 43. November 9, 2011, the night on which Petitioner accused Attorney Catalano of negligently failing to appear, was a "Traffic Only Night" and neither a Public Defender nor a District Attorney was scheduled to appear. Id., p. 31 of 43. Attorney Catalano noted that Petitioner had failed to appear at four hearing dates prior to November 9, 2011.

After reviewing Attorney Catalano's lengthy and detailed response dated June 19, 2012, issued a letter (Docket No. 1, pp. 27-28 of 43) dated June 29, 2012, to Petitioner, denying the grievance as unfounded. Investigator Davis noted that since it did not appear that Petitioner's case was on the Lewiston Town Court's docket on the night of November 9, 2011, and since it did not appear that Attorney Catalano was scheduled to be present at that court that night, the Grievance Committe was unable to determine

that Attorney Catalano neglected to appear on Petitioner's behalf on the night in question. Docket No. 1, p. 29 of 43.

Based upon Petitioner's filing of the grievance against Attorney Catalano, the Niagara County Public Defenders Office transferred Petitioner's case to the Niagara County Conflicts Office & Assigned Counsel. Assistant Conflict Attorney Edward P. Perlman, Esq. ("Attorney Perlman") was assigned to his case.

On or about April 20, 2012, Petitioner, acting pro se, filed his notice of appeal in Lewiston Town Court, which Justice Sheeran forwarded to the appropriate court (Niagara County Court). Petitioner, however, has never perfected the appeal.

On or about May 9, 2012, Petitioner filed a pro se motion to vacate the judgment in Lewiston Town Court, alleging that Justice Sheeran failed to honor a "no jail" sentencing commitment and violated Petitioner's right to counsel when he took Petitioner's plea without counsel being present. The Town Court heard the motion because Petitioner had counsel assigned to him.

On or about June 27, 2012, Petitioner filed a pro se motion to vacate with Niagara County Court Judge Matthew J. Murphy, whose law clerk forwarded the motion papers to assigned counsel, Attorney Perlman, on July 5, 2012. The law clerk noted that Petitioner could not file pro se motions while he was represented but explained that if Attorney Perlman wished to adopt the motion, the proper venue

for it was Town Court not County Court. It does not appear that Attorney Perlman pursued the motion.

Petitioner filed yet another motion to vacate dated July 25, 2012, in Lewiston Town Court, raising the same arguments as raised in his earlier motions for vacatur. The outcome of these motions is unclear.

**C. The Federal Habeas Petition and the Dismissal for Failure to Prosecute**

In his habeas petition (Docket No. 1) dated July 16, 2012, Petitioner asserted that he was denied the effective assistance of counsel because he was allowed to plead guilty without counsel being present, that his plea was made under duress, and that his plea violated his privilege against self-incrimination.

In an Order dated August 20, 2012, the Court (Larimer, D.J.), directed Respondent to address the issue of why the petition should not be reviewed, despite Petitioner's failure to exhaust his State remedies, in light of there being "no lack of diligence in pursuing . . . State law remedies . . . apparent on the face of the petition." In connection with his answer to the petition, Respondent submitted various state court records, summarized above, which show that Petitioner did fail to exercise due diligence, inasmuch as he failed to cooperate with Attorney Catalano's request to complete the paperwork necessary to perfect his appeal. Furthermore, despite being instructed that he could not file pro se

motions while he was represented by assigned counsel, Petitioner continued to do so.

In any event, Petitioner filed a motion to expedite the petition on September 3, 2012, which was denied by the Court (Feldman, M.J.) on February 28, 2013. While that motion was pending, on October 12, 2012, Petitioner propounded a set of interrogatories to Respondent.

On March 14, 2013, the copy of Judge Feldman's order denying the motion to dismiss that had been mailed to Petitioner was returned to the Court marked "undeliverable". Presumably, Petitioner had completed serving his one-year sentence of incarceration by this time.

On June 24, 2014, the Court issued a Decision and Order (Docket No. 12) dismissing the habeas petition pursuant to Rule 41(b) of the Federal Rules of Civil Procedure, based upon Petitioner's failure to prosecute this action; and Rule 5.2(d) of the Western District of New York's Local Rules of Civil Procedure, based upon his failure to advise the Court of a current address. Judgment was entered in Respondent's favor on June 25, 2014 (Docket No. 13).

On January 28, 2019, the Court received an unaddressed, undated letter from Petitioner with various exhibits attached (Docket No. 14). The letter, which was docketed as a Motion to Reopen, asks that Petitioner's grievance against Attorney Catalano

"be Reopened (reinvestigated). I ask that this case receive [sic] be reviewed by a new investigator [illegible][1] . . . False statements, fraud and collusion. I have no issues with the previous outcome." Motion to Reopen (Docket No. 14) at 1. Petitioner further asserts that the attached "new evidence, the transcripts, Mr. A Joseph catalane [sic] stated he was present, but transcripts show he wasn't present at all. The quote for the Jude [sic] says we will notify your Attorney because he isn't here now." Id. Petitioner asserts that in Attorney Catalano's "event statement," he stated "he was present at the time." Id. Petitioner concludes that his guilty plea and sentence were illegal because his Sixth and Fourteenth Amendment rights were violated due to Attorney Catalano's negligent failure to appear which "then was intentionally tried to be covered up." Id.

Respondent submitted a Response (Docket No. 160 asserting that Petitioner's statement is contrary to Attorney Catalano's letter to the Grievance Committee as well as the plea transcripts. Moreover, Respondent notes, as the transcripts were available at the time the petition was filed, Petitioner has not presented "new evidence."

For the reasons discussed below, the Court denies Petitioner's Motion to Reopen.

**III. Discussion**

---

[1] Several words have been obscured by the Clerk's Office "received" stamp.

Because the Motion to Reopen was not brought within the 28-day time frame required for a motion to alter the judgment under Federal Rule of Civil Procedure ("F.R.C.P.") 59(e), the Court construes it as being brought pursuant to F.R.C.P. 60(b). See Ass'n for Retarded Citizens of Connecticut, Inc. v. Thorne, 68 F.3d 547, 553 (2d Cir. 1995) (treating motion for modification of the judgment to be brought under Rule 60(b) "because the motion would have been untimely under Rule 59," and therefore "Rule 59(e) . . . [is] inapplicable") (citing In re Burnley, 988 F.2d 1, 3 (4th Cir. 1992); citations omitted).

Under F.R.C.P. 60(b), "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;
(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Fed. R. Civ. P. 60. As pro se pleadings are analyzed more leniently than those drafted by lawyers, see Haines v. Kerner, 404 U.S. 519, 520 (1972), the Court has construed Petitioner's letter motion liberally to raise the strongest arguments it suggests. The only

provisions of F.R.C.P. 60(b) potentially applicable here are subsections (2) and (6).

## A.  F.R.C.P. 60(b)(2)

F.R.C.P. 60(c) mandates that a motion to reopen an action based on newly discovered evidence under F.R.C.P. 60(b)(2) be made within one year. See Fed. R. Civ. P. 60(c)(1) ("(A motion under Rule 60(b) must be made within a reasonable time--and for reasons (1), (2), and (3) no more than a year after the entry of the judgment or order or the date of the proceeding."). The one year limitations period is "absolute[.]" Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (internal quotation marks and citations omitted). Petitioner's Motion to Reopen based on newly discovered evidence was brought in January 2019, four and a half years after the Court entered judgment dismissing his petition on June 25, 2014. It is thus untimely and must be dismissed. See, e.g., Frederick v. Capital One Bank (USA), N.A., No. 14-CV-5460 (AJN), 2017 WL 2666113, at *2 (S.D.N.Y. June 19, 2017) (motion under F.R.C.P. 60(b)(2) and (3) was is untimely and must be dismissed because it targeted a memorandum and order that issued more than 18 months before the motion was filed).

Even if the Court could excuse the untimely filing, which it cannot, see Warren, 219 F.3d at 114, the Court finds that Petitioner has not come forward with newly discovered evidence as that term is defined for purposes of F.R.C.P. 60(b)(2). "A movant

'seeking relief under Rule 60(b)(2) must demonstrate that (1) newly discovered evidence is of facts existing at the time of [decision]; (2) the moving party is excusably ignorant of the facts despite using due diligence to learn about them; (3) the newly discovered evidence is admissible and probably effective to change the result of the former ruling; and (4) the newly discovered evidence is not merely cumulative . . . of evidence already offered.'" <u>Mancuso v. Consol. Edison Co. of New York</u>, 905 F. Supp. 1251, 1264 (S.D.N.Y. 1995), <u>aff'd</u> <u>sub</u> <u>nom.</u> Mancuso v. Consol. Edison Co. of NY, 216 F.3d 1072 (2d Cir. 2000) (citing <u>Weissmann v. Freeman</u>, 120 F.R.D. 474, 476 (S.D.N.Y. 1988) (citing 11 Charles A. Wright, Arthur R. Miller & Mary Kay Kane, FEDERAL PRACTICE AND PROCEDURE §§ 2808, 2859 (1995)); <u>Long v. Carberry</u>, 151 F.R.D. 240, 243 (S.D.N.Y. 1993)).

The Court examines in turn each of the documents submitted by Petitioner in his motion to reopen. First, Petitioner has submitted a printout titled, "Event History Report," from Lewiston Town Court regarding his appearances in that forum in 2011 and 2012. This document <u>already was submitted</u> by Petitioner in support of his original petition in 2012, as evidenced by the header text automatically generated by the Court's CM/ECF filing system. Therefore, it is not newly discovered evidence.

The second document is an excerpt of a transcript from one of his appearances in Lewiston Town Court on an unspecified date. As Petitioner was present at this proceeding, he cannot claim that he

was "justifiably ignorant of [it] despite due diligence[,]" Mancuso, 905 F. Supp. at 1264.

The third and fourth submissions consist of Investigator Davis's letter dated June 29, 2012, to Petitioner, enclosing Attorney Catalano's letter to Davis. Aside from the fact that Investigator Davis's letter is addressed <u>personally</u> to Petitioner, which suggests that he cannot credibly claim to have been ignorant of it (or the enclosed letter), these documents <u>already were submitted</u> by Petitioner in support of his original petition in 2012, as evidenced by the header text automatically generated by the Court's CM/ECF filing system.

The fifth and sixth submissions are copies of the transcripts from Petitioner's plea colloquy and sentencing conducted in Lewiston Town Court on November 9, 2011, and March 21, 2012, respectively. As Petitioner was present for both of these proceedings, he cannot claim that he was "justifiably ignorant of them despite due diligence[,]" Mancuso, 905 F. Supp. at 1264.

In short, none of the documents submitted by Petitioner constitute "newly discovered evidence," and therefore he is not entitled to relief under F.R.C.P. 60(b)(2), even assuming he had filed within the one-year time period set forth in F.R.C.P. 60(c)(1).

**B. F.R.C.P. 60(b)(6)**

F.R.C.P. 60(b)(6) affords Petitioner with the only other potential avenue to obtain vacatur under F.R.C.P. 60(b). Clause (6) permits relief to a party for "any other reason justifying relief from the operation of the judgment." Fed. R. Civ. P. 60(b)(6). Applications under F.R.C.P. 60(b)(6) must "be made within a reasonable time" but not necessarily within the strict one-year period required for motions under subsections (1), (2), and (3).

The Court finds that Petitioner's motion to reopen, made in January 2019, four and a half years after the June 25, 2014 judgment dismissing his petition, was not made within a "reasonable time," particularly since all of the documents he submitted in support of the motion were generated in 2011 and 2012. See, e.g., Rodriguez v. Mitchell, 252 F.3d 191, 201 (2d Cir. 2001) (Section 2254 petitioner filed Rule 60(b) motion three and one-half years from the date judgment was entered; court found that was not a "reasonable time" and, even if motion were timely filed, "it would still fail, because '[r]elief under Rule 60(b)(6) is appropriate only in cases presenting extraordinary circumstances,' and [the petitioner] has failed to allege any such circumstances") (quotation omitted).

Even assuming the motion was filed within a reasonable time, the Court is unable to grant relief under F.R.C.P. 60(b)(6) for two additional reasons. First, F.R.C.P. 60(b)(6) "only applies if the reasons offered for relief from judgment are not covered under the

more specific provisions of Rule 60(b)(1)-(5)," and it "may not be used to circumvent the 1-year limitations period that governs" Rules 60(b)(1)-(3). Warren, 219 F.3d at 114 (internal citations omitted). Here, the reasons offered for relief by Petitioner—documents that he believes constitutes newly discovered evidence—are covered by F.R.C.P. 60(b)(2). Therefore, he cannot invoke F.R.C.P. 60(b)(6). See United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 392 (2d Cir. 2001) (instructing that a party cannot bring a Rule 60(b)(6) motion based on "newly discovered evidence," since that is a ground for relief under Rule 60(b)(2); Frederick, 2017 WL 2666113, at *2 ("Because Plaintiff articulates no discernible basis for the requested vacatur of the September 17, 2015 Memorandum & Order independent of fraud and—perhaps—purported new evidence, the more flexible limitations provision applicable to Rule 60(b)(6) motions does not apply here.") (citation omitted).

Second, the Second Circuit has stated that F.R.C.P. 60(b)(6) "is properly invoked only when there are extraordinary circumstances justifying relief. . . ." Nemaizer v. Baker, 793 F.2d 58, 63 (2d Cir. 1986) (citations omitted; emphases supplied). The "scope" of F.R.C.P. 60(b)(6) is "extremely meagre[.]" Rinieri v. News Syndicate Co., 385 F.2d 818, 822 (2d Cir. 1967) (citation omitted). Moreover, to demonstrate extraordinary circumstances, the movant must show that he was "faultless in the delay." Pioneer Inv.

Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 393 (1993). Petitioner has not pointed to any factors suggesting the existence of extraordinary circumstances. The Court discerns nothing in the record of the case that could be potentially be construed as extraordinary circumstances. Nor can Petitioner be deemed "faultless in the delay" given the unreasonably long time between the dismissal of his petition and the filing of the Motion to Reopen.

**IV. Conclusion**

For the reasons discussed above, Petitioner's motion to reopen is **denied with prejudice**. No certificate of appealability shall issue because Petitioner has not made a substantial showing of the denial of a constitutional right. The Court further certifies that any appeal from this decision and order would not be taken in good faith and therefore leave to appeal in forma pauperis is denied.

**IT IS SO ORDERED.**

*s/ Michael A. Telesca*

_____
HONORABLE MICHAEL A. TELESCA
United States District Judge

DATED:   Rochester, New York
         July 31, 2019